ALICE M. BATCHELDER,
dissenting.
“To make a submissible case [based] on the credibility of his employer’s explanation [i.e., to survive summary judgment], the plaintiff is required to show by a preponderance of the evidence either (1) that the proffered reasons had no basis in fact, *34 (2) that the proffered reasons did not actually motivate his discharge, or (3) that [the proffered reasons] were insufficient to motivate discharge.” Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1084 (6th Cir.1994). Lamer was late on four occasions within a one-year period, which is sufficient to motivate discharge at Metaldyne. Therefore, the majority finds, and I agree, that Lamer cannot prove pretext under either of the two objective methods (i.e., numbers one and three).
Under the second method, “the plaintiff attempts to indict the credibility of his employer’s explanation by showing circumstances which tend to prove that an illegal motivation was more likely than that offered by the defendant.” Id. Thus, the question on summary judgment is whether Lamer presented circumstantial evidence sufficient to permit a jury to find that Metaldyne’s true motive for firing him was more likely to retaliate for his statements to the OCRC than to remedy his unacceptable tardiness. Before proceeding to Lamer’s arguments — both of which I find insufficient in their own right — I note that, by Lamer’s own account, his statements to the OCRC were rather innocuous and Marbley’s OCRC claim against Metaldyne was unsuccessful. Nothing in the record suggests that Metaldyne suffered any consequence from either Marbley’s claim or Lamer’s support of that claim. Other than Lamer’s unsubstantiated accusations, nothing in the record suggests that Metaldyne even perceived or anticipated any consequences from Marbley’s claim or Lamer’s statements to the OCRC.
Lamer points to the fact that he was denied his right to peer review under Metaldyne’s progressive-discipline system and cites Harrison v. Metro. Gov’t, 80 F.3d 1107, 1117 (6th Cir.1996) (overruled on other grounds), for the proposition that the non-uniform application of the progressive-discipline system may be evidence of pretext. I note that the employer’s conduct in this case falls well short of the conduct depicted in Harrison, and therefore, I question whether Harrison is applicable. Even if I were to assume that it is, however, Lamer had to provide evidence that there was a non-uniform application of the progressive-discipline program. He has not done so; his inference of non-uniform application is not enough. Finally, even if I were to assume that Lamer had shown a non-uniform application, I would hold that he has not raised a genuine issue for trial that Metaldyne’s true motive for firing Lamer was as a retaliation for his statements to the OCRC (i.e., as evidence of pretext). Lamer was a party to a Last Chance Agreement, and was not entitled to peer review.
Lamer also points to Metaldyne’s failure to terminate him for his tardiness prior to his OCRC statements and cites to this court’s unpublished opinions in Cantrell v. Nissan N. Am., Inc., 145 Fed.Appx. 99 (6th Cir.2005), and DeBoer v. Musashi Auto Parts, Inc., 124 Fed.Appx. 387 (6th Cir.2005), for the proposition that the failure to discipline an employee before the protected activity, coupled with the discipline of the employee for that same misbehavior after the protected activity, may be evidence of pretext. In both of those cases, however, the employee was terminated for his history of misbehavior that had occurred (and been allowed) prior to the protected activity, without any further actionable misbehavior occurring after the protected activity. In the present case, Lamer displayed actionable misbehavior after the protected activity that was sufficient, at least on its face, to justify his termination without any reference to, or need to reference, his prior misbehavior.
I agree with the district court that Lamer failed to make the necessary showing of *35 pretext, and therefore, he could not survive summary judgement. Therefore, I must respectfully dissent.